**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-CV-00144-WYD-MJW

Plaintiffs,

MICHAEL D. RUDNICK AND ANN K. SMITH RUDNICK

v.

Defendants,

BANK OF AMERICA, NATIONAL ASSOCIATION, as SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION, TRUSTEE UNDER THE POOLING AND SERVICE AGREEMENT DATED AS OF FEBRUARY 1, 2007, GSAMP TRUST 2007-NC-1; LITTON LOAN SERVICING, LP; NEW CENTURY MORTGAGE CORPORATION, and its SUCCESSORS AND ASSIGNS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; PUBLIC TRUSTEE OF DENVER COUNTY; and All Unknown Persons Who Claim Any Interest in the Subject Matter of this Action.

---

**MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS LITTON LOAN SERVICING, L.P.; BANK OF AMERICA, NATIONAL ASSOCIATION, as SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION, TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2007, GSAMP TRUST 2007-NC-1; NEW CENTURY MORTGAGE CORPORATION, and its SUCCESSORS AND ASSIGNS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

---

COME NOW DEFENDANTS LITTON LOAN SERVICING, L.P. ("Litton"); BANK OF AMERICA, NATIONAL ASSOCIATION ("Bank of America"), as SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION, TRUSTEE UNDER THE POOLING AND SERVICE AGREEMENT DATED AS

OF FEBRUARY 1, 2007, GSAMP TRUST 2007-NC-1 (the "GSAMP Trust"); NEW CENTURY MORTGAGE CORPORATION, and it SUCCESSORS AND ASSIGNS ("New Century"); and MORTGAGE ELECTRONIC RESISTRATION SYSTEMS, INC. ("MERS"), collectively referred to herein as "Defendants", by and through their counsel, Edwards & Taylor, LLC, by E. Dwight Taylor, Esq. and Beverly L. Edwards, Esq. (not representing New Century) and respectfully move this Court for Summary Judgment pursuant to F.R.C.P. 56 and D.C.COLO.LCIVR 56.1, and in support states as follows:

**MOVANTS' STATEMENT OF MATERIAL FACTS**

1. On or about November 6, 2006, the Plaintiffs executed and delivered to Defendants a promissory note (the "Note"), a true and correct copy of which is attached hereto and incorporated herein by reference as **Exhibit A-1**. The Plaintiffs also executed a deed of trust (the "Deed of Trust") dated November 6, 2006, a true and correct copy of which is attached hereto and incorporated herein by reference as **Exhibit A-2**, as security for the Note.

2. The Deed of Trust was recorded with the Clerk and Recorder for the City and County of Denver, Colorado at reception no. 2006188520 on November 22, 2006.

3. The Deed of Trust encumbered property with the street address of 2820 S. Harlan Way, Denver, Colorado 80227 (the "Property").

4. Paragraph 20 of the Deed of Trust provides, inter alia, that "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without notice to Borrower."

5. Paragraph 1 of the Note provides, inter alia, that the Borrower (the Plaintiff in this instance) understands the Note may be transferred, and further that "anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder". The terms of the Note entitles the Note Holder to enforce the Borrower's obligations under the Note.

6. Subsequent to the execution of the Note and the Deed of Trust, the Note and Note holder's rights under the Deed of Trust were transferred to Bank of America. The Note was assigned by New Century in blank, as shown in Exhibit A-1, and Bank of America is in possession of the original Note and is the Note Holder.

7. Subsequent to the execution of the Note and the Deed of Trust, in a series of letters beginning December 5, 2008 and extending to July 25, 2009, true and correct copies of which are attached hereto, serially, as **Exhibits B-1, B-2, B-3, B-4 and B-5**, the Plaintiffs demanded a modification of the Note for a more favorable interest rate and expressed their intent to withhold payments on the Note until the Defendants modified the Note in accordance with their demands. When Bank of America, through its servicer, Litton, did not comply with the Plaintiffs' demands, the Plaintiffs

defaulted under the terms of the Note and the Deed of Trust by failing to make the requisite monthly mortgage payments.

8. Subsequent to the Plaintiffs' default, Litton, as the servicer of the loan for Bank of America, commenced a foreclosure proceeding (the "Foreclosure Action") with the Denver County Public Trustee, sale No. 2009-2997. On or about August 1, 2009, Litton gave notice of the Rule 120 Hearing to the Plaintiffs scheduled for 8:30 a.m. on August 24, 2009. A true and correct copy of the Notice of Hearing is attached hereto and incorporated herein by reference as **Exhibit C-1**. On or about August 24, 2009, the Rule 120 Hearing was held and the Plaintiffs appeared and were represented by counsel. Prior to the hearing, Counsel for Plaintiffs had filed a written response and Counsel made an oral argument at the hearing. On or about September 10, 2009, the Rule 120 Court issued its Order Authorizing Sale, which Order noted the Plaintiff's response and argument failed to show that Litton lacked the right to proceed to the sale of the Property. A true and correct copy of the Order Authorizing Sale is attached hereto and incorporated herein by reference as **Exhibit C-2**. The foreclosure sale was held on October 22, 2009. Bank of America was the successful bidder at the sale. No redemption was made and a Public Trustee's Confirmation Deed was issued to Bank of America on November 18, 2009. A true and correct copy of the Public Trustee's Deed is attached hereto and incorporated herein as **Exhibit C-5**. On or about November 6, 2009, Litton filed its Return of Sale and requested an order approving the sale.

A true and correct copy of the Return is attached hereto and incorporated herein by reference as **Exhibit C-3**. On or about November 9, 2009, the Rule 120 Court entered its Order Approving Sale. A true and correct copy of the Order is attached hereto and incorporated herein by reference as **Exhibit C-4**.

9. On or about October 20, 2009, the Plaintiff commenced an action against the Defendants in the District Court for the City and County of Denver, Case No. 09CV9914, seeking, inter alia, to set aside the foreclosure sale, and on or about January 22, 2010, the Defendants filed their Notice of Removal, removing that case to this Court. That case is the case presently before this Court.

## LEGAL ARGUMENT

### A. Legal Standard for Motion for Summary Judgment

Summary judgment should be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see Anderson v. Liberty, Inc.,* 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).

The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party

to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex,* 477 at 324*; see* Fed. R. Civ. P. 56(e)(2). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z Boy Chair Co.* 756 F.2d 1474 (10th Cir. 1985).

If summary judgment is not rendered "on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue." Fed. R. Civ. P. 56(d)(1).

### B. Plaintiff was in Default of the Note and the Deed of Trust

The Plaintiffs unilaterally decided to engage in a "strategic default" in order to force the Defendants to modify the terms of the Note to an interest rate that would be more favorable to the Plaintiffs. As the Plaintiffs stated in the final paragraph of their letter dated March 15, 2009, and addressed to Litton, and as shown in Exhibit B-2 hereof,

> "Wouldn't it be mutually advantageous to work out the details of a refinance plan to a fixed 5% rate than to collect nothing for years? As always, its [sic] your decision. It is ours to with-

hold further payments on the present, userous [sic] mortgage."

The Plaintiffs took this position in full knowledge of the potential consequences, as reflected in their letter dated July 25, 2009, addressed to Litton, and as shown in Exhibit B-5 hereof, when they stated that:

> "We would prefer to keep our home but, as the house has been so undervalued by the appraisers and as the market has been so weak, neither you nor I will even break even with a sale. We are prepared to walk away from our home if we must. Are you prepared to hold another foreclosed house? It is obviously beneficial for both parties if we resume making reasonable monthly payments. There is really no need to pay one of the many companies that have offered to come to our rescue, for a fee. Nor is a lawyer really necessary to help us negotiate a simple modification to our present mortgage. I would much rather use that money to get back on track with you in a new, mutually beneficial relationship."

There is no question about whether the Plaintiffs intentionally defaulted in their payments in order to force the Defendants to renegotiate the Note.

**C. Bank of America Had Standing in the Foreclosure Action and is the Real Party in Interest**

Plaintiffs argue that Bank of America did not have standing and was not the real party in interest to conduct the Foreclosure Action because it filed no written assignment of the Note or Deed of Trust in the Foreclosure Action. Plaintiffs further argue that without such assignment and an expressed contrary intent that the deed of

trust should follow the note, the foreclosure is invalid. Plaintiffs are without legal support for their position, which is contrary to Colorado law.

Defendant Bank of America was the real party in interest in the Foreclosure Action. The "real party in interest'" is [the] party who, by virtue of substantive law, has right to invoke aid of court to vindicate legal interest in question." *Goodwin v. District Court*, 779 P.2d 837, 843 (Colo. 1989). As the holder of the Plaintiffs' Note and Deed of Trust, Bank of America was entitled to enforce its rights thereunder.

C.R.S. §38-38-101(1)(b)(II) allows a holder of evidence of debt to declare a violation of a deed of trust by the filing of a "copy of the evidence of debt and a certification signed and properly acknowledged by a holder of an evidence of debt acting for itself or as agent, nominee, or trustee under subsection (2) of this section" and to foreclose upon the real property described in the promissory note and deed of trust. Bank of America satisfied its burden that it was the real party in interest required under *Goodwin* when it filed a Certificate of Holder of Evidence of Debt as required by §38-38-101(1)(b)(II). That was all that was required of Bank of America to foreclose on the Deed of Trust.

Defendant New Century executed an endorsement, in blank, of Plaintiff's promissory note, (the "Endorsement"), shown on the last page of Exhibit A-1, and delivered the Note to Bank of America. The Endorsement fulfills Colorado law for an assignment of the Note.

Under Colorado law, the security (here the Deed of Trust) for the debt (here the Note) follows the assignment of the debt itself. *Wiswall v. Giroux*, 197 P. 759

(Colo. 1921); *Stetler v. Winegar*, 226 P. 858, 859 (Colo. 1924); and *Fassett v. Mullock*, 5 Colo. 466, 468 (1880). "[T]he transfer or assignment of a negotiable promissory note carries with it, as incident, the deed of trust or mortgage upon real estate or chattels that secures its payment." *Columbus Investments v. Lewis,* 48 P.3d 1222, 1225-6 (Colo. 2002).

There is no requirement under Colorado law for a written document of any kind purporting to document the transfer of ownership of a note or deed of trust, let alone a requirement that such a document be recorded. Even if there is confusion regarding the ownership of the beneficial interests under a deed of trust, that is not material because the holder of the evidence of debt secured by the deed of trust is the one with the power to initiate a foreclosure. (*In re Roberts)*, 367 B.R. 677 (Bkr. Colo 2007).

Further, a promissory note is a negotiable instrument and is freely assignable. Colo. Rev. Stat. §4-3-104. If the instrument is payable to the bearer or note holder, it may be negotiated by transfer alone. Colo. Rev. Stat. §4-3-201. Here, the Endorsement need not have been made to the order of Bank of America in order for Bank of America to enforce the provisions of the Note and Deed of Trust. Bank of America is in possession of the original Note, endorsed in blank by the original lender and Note Holder New Century, and Bank of America is now the Note Holder.

Plaintiffs argue that because there is no evidence of assignment of the Deed of Trust recorded with the El Paso County Clerk and Recorder, Bank of America was without standing in to bring the Foreclosure Action. Plaintiffs provide no legal

support for this position, and it is contrary to well-established law in Colorado. Plaintiffs have nonetheless insisted on pursuing this baseless legal theory.

In addition, according to C.R.C.P. 17(a)(1)(E), the trustee for a trust, as Bank of America is here under the GSAMP Trust, is the real party in interest for bringing an action on the part of the trust.

Plaintiffs also argue that Bank of America lacks a valid security interest in the Property based on a lack of assignment and an agreement with MERS. There is no law in Colorado that provides that the deed of trust follows the note unless there is an expression of contrary intent.

Any claim based upon Plaintiffs' theory that Bank of America lacked standing or was not the real party in interest in the Foreclosure Action is without merit, and should be dismissed as a matter of law, along with Plaintiff's claim that Bank of America lacks a valid security interest in the Property based upon a lack of assignments or the lack of an expression of contrary intent.

**D. Plaintiffs Received Due Process Under Colorado Law in Foreclosure Action**

Due process requires notice and an opportunity to be heard. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Tr. Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed 865 (1950).

Plaintiffs' assertion that they are entitled to relief based on lack of due process in the Foreclosure Action is without foundation or merit.

Plaintiffs were served with a copy of the Notice of Hearing, dated August 1, 2009, Exhibit C-1, as required under the provisions of C.R.C.P. Rule 120. At no time has Plaintiff claimed that they did not receive a Notice of the Hearing. After receiving the Notice of Hearing, Plaintiffs filed a response and appeared at the hearing and were represented by counsel, and the Rule 120 Court found that their response lacked merit. The Rule 120 Court authorized the sale of the Property and Litton proceeded to sale and reported the sale to the Rule 120 Court and the Court approved the sale. The Plaintiffs were represented by counsel during the entire course of these proceedings and events.

Plaintiffs had notice and an opportunity to be heard to contest the sale. Given that Plaintiffs were afforded notice and opportunity to be heard in the Foreclosure Action, Plaintiffs' assertion that they were denied due process is without foundation in law or fact.

**E. Bank of America Is Entitled to Possession of the Property**

Bank of America is the owner of the Property. Plaintiffs executed the Note and Deed of Trust encumbering the Property. Plaintiffs do not claim any defect in the Note or Deed of Trust, nor do they allege that the Note and Deed of Trust were procured fraudulently, illegally, or by other improper means. Plaintiffs were in default under the terms of the Note and Deed of Trust for failure to make the monthly mortgage payments.

Pursuant to the power of sale contained in the Deed of Trust, Bank of America was entitled to an order authorizing sale where Bank of America showed a default under the terms of the Note and Deed of Trust. On, September 10, 2009, after notice and opportunity to be heard, the Rule 120 Court found that Bank of America had established that it was the real party in interest, and that it had standing, and that Plaintiffs did not dispute that they were in default. Accordingly, the Rule 120 Court entered the Order Authorizing Sale.

Plaintiff's request to quiet title and to set aside the order authorizing sale is without merit and should be dismissed with prejudice.

WHEREFORE, Defendants Litton Loan Servicing, L.P.; Bank of America, National Association, as successor by merger to LaSalle Bank, National Association, as Trustee under the Pooling and Service Agreement dated as of February 1, 2007, GSAMP Trust 2007-NC-1; and Mortgage Electronic Registration Systems, Inc. respectfully request that this Court enter an order: 1) dismissing all of Plaintiffs' claims, with prejudice; 2) authorizing the Defendants to proceed with the eviction of the Plaintiffs from the Property; 3) awarding Defendants their reasonable attorneys' fees in defending Plaintiff's frivolous, groundless, baseless, and vexatious claims; and 4) such other and further relief this Court deems proper.

DATED this 21st day of January, 2011.

Respectfully submitted,

**EDWARDS & TAYLOR, LLC**

*A duly signed original is available at the*

*Office of Edwards & Taylor, LLC*

/s/ E. Dwight Taylor

E. Dwight Taylor, No. 21435

Beverly L. Edwards, No. 11532

**ATTORNEYS FOR DEFENDANTS**

Pavilion Towers

2851 South Parker Road, Suite 1200

Aurora, CO 80014

(303) 750-2303

FAX: (303) 752-0946

dtaylor@et-law.com

bedwards@et-law.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 21st day of January, 2011 she caused true and correct copies of the foregoing **MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS LITTON LOAN SERVICING, L.P.; BANK OF AMERICA, NATIONAL ASSOCIATION, as SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION, TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2007, GSAMP TRUST 2007-NC-1; NEW CENTURY MORTGAGE CORPORATION, and its SUCCESSORS AND ASSIGNS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** by filing and serving the same using the ECF system, addressed to:

D. Robert Jones, Esq.

D. Robert Jones, P.C.

219 W. Colorado Ave., Suite 210

Colorado Springs, CO 80903

Stephen A. Brunette, Esq.
Stephen A. Brunette, P.C.
128 S. Tejon St., Suite 100
Colorado Springs, CO 80903

James R. Moriarty, Esq.
Moriarty Leyendecker PC
1123 Spruce Street, Suite 200
Boulder, CO 80302

/s/signature on file
Cassandra A. Montgomery