## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  10-CV-00144-WJM-MJW

Plaintiffs,

MICHAEL D. RUDNICK AND ANN K. SMITH RUDNICK

v.

Defendants,

BANK OF AMERICA, NATIONAL ASSOCIATION, as SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION, TRUSTEE UNDER THE POOLING AND SERVICE AGREEMENT DATED AS OF FEBRUARY 1, 2007, GSAMP TRUST 2007-NC-1; LITTON LOAN SERVICING, LP; NEW CENTURY MORTGAGE CORPORATION, and its SUCCESSORS AND ASSIGNS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; PUBLIC TRUSTEE OF DENVER COUNTY; and All Unknown Persons Who Claim Any Interest in the Subject Matter of this Action.

**DEFENDANTS LITTON LOAN SERVICING, L.P.; BANK OF AMERICA, NATIONAL ASSOCIATION, as SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION, TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2007, GSAMP TRUST 2007-NC-1; AND SUCCESSOR AND ASSIGN OF NEW CENTURY MORTGAGE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., RESPONSE TO PLAINTIFF'S MOTION, AND SUPPLEMENT THERETO, FOR SUMMARY JUDGMENT**

COME NOW DEFENDANTS LITTON LOAN SERVICING, L.P. ("Litton"); BANK OF AMERICA, NATIONAL ASSOCIATION ("Bank of America"), as SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION, TRUSTEE UNDER THE POOLING AND SERVICE AGREEMENT DATED AS OF FEBRUARY 1, 2007, GSAMP TRUST 2007-NC-1 (the "GSAMP Trust"); and as SUCCESSOR AND ASSIGN OF NEW CENTURY MORTGAGE CORPORATION, ("New Century"); and MORTGAGE ELECTRONIC RESISTRATION SYSTEMS, INC.

("MERS"), collectively referred to herein as "Defendants", by and through their counsel, Edwards & Taylor, LLC, by E. Dwight Taylor, Esq. and Beverly L. Edwards, Esq. (not representing New Century) and for their Response to the Motion for Summary Judgment of the Plaintiffs, along with their Supplement to Motion for Summary Judgment, and, pursuant to F.R.C.P. 56 and D.C.COLO.LCIVR 56.1, would show the Court that:

## DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

1.    New Century is the Lender in the Deed of Trust attached as the Plaintiff's Exhibit 1 (the "Deed of Trust"), and MERS is the beneficiary of the Deed of Trust, acting as nominee of the lender, New Century and its successors and assigns.  As MERS is the beneficiary under the Deed of Trust, the Plaintiffs' Statement numbered 1 is admitted.

2.    It is admitted that MERS is identified solely as nominee for New Century in the Deed of Trust, and Plaintiffs' Statement numbered 2 is admitted.

3.    The Plaintiffs' Statement numbered 3 is admitted.

4.    The Plaintiff's Statement that the Promissory Note held by the Plaintiff Bank of America (the "Note"), and in the possession of the Plaintiff Litton as the servicer, has been provided to the Plaintiffs is admitted.  The Defendants assert that the proffered endorsement in blank (the Endorsement") is self-authenticated and requires no further proof of authentication.  Accordingly, the Plaintiffs' Statement numbered 4 is admitted.

5.      The Plaintiffs' Statement numbered 5, to the extent extracted from the

        Pooling and Servicing Agreement, shown as Exhibit 6 to the Plaintiffs'

        motion and quoted in part, is admitted.

6.      There are no Statements of Fact numbered 6 – 9, and for ease of the

        Court's review, numbers 7-9 will be skipped in this Response.

10.     The Plaintiffs' Statement numbered 10 is denied, but that Statement is not

        a fact in dispute.  The Rudnick's Note has been endorsed in blank, as

        shown in **Exhibit A** attached hereto and incorporated herein by reference.

11.     The Plaintiffs' Statement numbered 11 is admitted.  The Endorsement is in

        blank and requires no further endorsement.

12.     The Plaintiffs' Statement numbered 12 is admitted.  The Endorsement is in

        blank and requires no further endorsement.

13.     The Plaintiff's Statement numbered 13 is not a statement of fact but a

        conclusion of law, and it is denied.

14.     The Plaintiffs' Statement numbered 14 is denied.  See Exhibit A hereof.

        This is not a fact in dispute.

15.     The Plaintiffs' Statement numbered 15 is a conclusion of law and is

        denied.  This is not a fact in dispute.

16.     The Plaintiffs' Statement numbered 16 is not a statement of fact but refers

        to an Expert Report which does not discuss Colorado law and which is

3

irrelevant to the issues presented in this case. That Statement is therefore denied.

17.    The Plaintiffs' Statement numbered 1 in their Supplement to their Motion to Dismiss (the "Supplement") is admitted.

18.    The Plaintiffs' Statement numbered 2 in their Supplement is admitted.

19.    The Plaintiffs' Statement numbered 3 in their Supplement is admitted.

20.    The Plaintiffs' Statement numbered 4 in their Supplement is admitted, but the Defendant Litton has since produced those additional documents requested during the deposition of Litton's Rule 30(b)(6) witness Christopher Spradling, none of which are relevant to any issue in this case. As stated in the Supplement, the Defendants have agreed to allow the Plaintiffs to further supplement their Motion regarding the recently produced documents.

21.    The Plaintiffs' Statement numbered 5 in their Supplement is admitted, but there is nothing in that Statement that is relevant to any issue in this case.

22.    The Plaintiffs' Statement numbered 6 in their Supplement is admitted, but there is nothing in that Statement that is relevant to any issue in this case.

23.    The Plaintiffs' Statement numbered 7 in their Supplement is admitted, but there is nothing in that Statement that is relevant to any issue in this case.

24.    The Plaintiffs' Statement numbered 8 in their Supplement is admitted.

25.    The Plaintiffs' Statement numbered 9 in their Supplement is admitted.

## LEGAL ARGUMENT

**A.    Legal Standard for Motion for Summary Judgment.**

Summary judgment should be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see Anderson v. Liberty, Inc.*, 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).

The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 at 324; *see* Fed. R. Civ. P. 56(e)(2). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z Boy Chair Co.* 756 F.2d 1474 (10th Cir. 1985).

If summary judgment is not rendered "on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue." Fed. R. Civ. P. 56(d)(1).

In this case there are no material facts in genuine dispute, as shown in the Defendants' Responses to the Plaintiffs' Statement of Facts, and also as show in the Defendants' Motion for Summary Judgment that is presently pending before this Court. The issues presented in this case are purely questions of law, and this case is ripe for resolution by this Court pursuant to F.R.C.P. 56 and D.C.COLO.LCIVR 56.1.

**B.     Bank of America Had Standing in the Foreclosure Action and is the Real Party in Interest and the Foreclosure was Lawful.**

Plaintiffs argue that Bank of America did not have standing and was not the real party in interest to conduct the foreclosure with the Denver County Public Trustee, Sale No. 029972009, (the "Foreclosure Action") because Bank of America filed no written assignment of the Note or Deed of Trust in the Foreclosure Action. Plaintiffs further argue that without such assignment, and an expressed intent that the deed of trust should follow the note, the foreclosure is invalid. Plaintiffs are without legal support for their position, which is contrary to Colorado law.

Defendant Bank of America was the real party in interest in the Foreclosure Action. The "real party in interest" "is [the] party who, by virtue of substantive law, has [the] right to invoke aid of court to vindicate legal interest in question." *Goodwin v. District Court*, 779 P.2d 837, 843 (Colo. 1989). As the holder of the Plaintiffs' Note, Bank of America was entitled to enforce its rights under the Note and, consequently, the Deed of Trust.

Under the Colorado foreclosure statutes (the substantive law), the "holder of an evidence of debt" is the person entitled to enforce the rights provided by the evidence of

debt and power of sale clause under a deed of trust. "Holder of an evidence of debt" is defined under C.R.S. §38-38-100.3(10), to mean "the person in actual possession of, or person entitled to enforce, an evidence of debt". That section then sets forth certain persons who are <u>presumed</u> to be holders of an evidence of debt. Those persons include the "person in possession of a negotiable instrument evidencing a debt, which has been duly negotiated to such person or to bearer or indorsed in blank". C.R.S. §38-38-100.3(10)(c). Bank of America clearly meets the definition of a "Holder of an evidence of debt" as set forth in the Colorado statutes, which is the applicable substantive law.

Whenever a "holder of an evidence of debt" declares a violation of a covenant of a deed of trust and elects to foreclose upon the property described in a deed of trust, C.R.S. §38-38-101 sets out the documents required to commence a foreclosure action with the Public Trustee. C.R.S. §38-38-101(b) requires the original evidence of debt. However, in lieu of the original evidence of debt, the statute allows a "qualified holder of an evidence of debt" to submit to the Public Trustee a "copy of the evidence of debt and a certification signed and properly acknowledged by a holder of an evidence of debt acting for itself or as agent, nominee, or trustee under subsection (2) of this section" (referred to in this Response as the "Certificate of Holder of Evidence of Debt"). C.R.S. §38-38-101(1)(b)(II). A "qualified holder of an evidence of debt" is a "holder of an evidence of debt" that is also a bank. C.R.S. §38-38-100.3(20)(a). Bank of America clearly fits within the definition of a "qualified holder of an evidence of debt" that would allow Bank of America to submit a Certificate of Holder of Evidence of Debt to initiate the Foreclosure Action.

Bank of America satisfied its burden that it was the real party in interest required under *Goodwin, supra,* by falling squarely within the definition of a "holder of an evidence of debt" under C.R.S. §38-38-100.3(10), the substantive law that is applicable to this case. When Bank of America filed a Certificate of Holder of Evidence of Debt under C.R.S. §38-38-100.3(10), Bank of America was following statutory procedures. This is far more than, as the Plaintiffs have suggested, common "practice" of lenders in Colorado. It is the law, and is the procedure that is specifically set forth in the statute. Bank of America followed the statute when it commenced the Foreclosure Action on the Deed of Trust.

Bank of America continued as the "real party in interest" in the Rule 120 action also as the "holder of an evidence of debt". The governing statute for Rule 120, C.R.S. §38-38-105, provides that the "holder of the evidence of debt" or the attorney for the holder shall obtain the order authorizing sale from the Rule 120 court. Thus, Bank of America was the proper party to bring the Rule 120 action.

Defendant New Century executed the Endorsement, in blank, shown on the last page of Exhibit A, and delivered the Note to Bank of America. The Endorsement fulfills the requirements of Colorado law for an assignment of the Note. Under Colorado law, the security (here the Deed of Trust) for the debt (here the Note) follows the assignment of the debt itself. *Wiswall v. Giroux*, 197 P. 759 (Colo. 1921); *Stetler v. Winegar*, 226 P. 858, 859 (Colo. 1924); and *Fassett v. Mullock*, 5 Colo. 466, 468 (1880). "[T]he transfer or assignment of a negotiable promissory note carries with it, as incident, the deed of trust or mortgage upon real estate or chattels that secures its payment." *Columbus Investments v. Lewis*, 48 P.3d 1222, 1225-6 (Colo. 2002).

There is no requirement under Colorado law for a written document of any kind purporting to memorialize the transfer of ownership of a note or deed of trust, let alone a requirement that such a document be recorded. Even if there is confusion regarding the ownership of the beneficial interests under a deed of trust, that is not material because the holder of the evidence of debt secured by the deed of trust is the one with the power to initiate a foreclosure. *In re Roberts*, 367 B.R. 677 (Bkr. Colo 2007). Further, C.R.S. 38-38-101(2) protects mortgagors whose property has been foreclosed upon pursuant to the procedure provided by this statute.

A promissory note is a negotiable instrument and is freely assignable. C.R.S. §4-3-104. If the instrument is payable to the bearer or note holder, it may be negotiated by transfer alone. C.R.S. §4-3-201. Here, the Endorsement need not have been made to the order of Bank of America in order for Bank of America to enforce the provisions of the Note and Deed of Trust. Bank of America is in possession of the original Note, endorsed in blank by the original lender and Note Holder New Century, and Bank of America is now the holder of the evidence of debt.

Plaintiffs argue that because there was no evidence of assignment of the Deed of Trust recorded with the El Paso County Clerk and Recorder, Bank of America was without standing in to bring the Foreclosure Action. Plaintiffs provide no legal support for this position, and it is contrary to well-established law in Colorado. Plaintiffs have nonetheless insisted on pursuing this baseless legal theory.

In addition, according to C.R.C.P. 17(a)(1)(E), the trustee for a trust, as Bank of America is here under the GSAMP Trust, is the real party in interest for bringing an action on the part of the trust.

Plaintiffs also argue that Bank of America lacks a valid security interest in the Property based on a lack of assignment and an agreement with MERS that the deed of trust follows the note. There is no law in Colorado that provides that the deed of trust follows the note where a nominee is used as the beneficiary of a deed of trust only if there is an expression of the intent that it should.

Any claim based upon Plaintiffs' theory that Bank of America lacked standing or was not the real party in interest in the Foreclosure Action is without merit, and should be dismissed as a matter of law, along with Plaintiff's claim that Bank of America lacks a valid security interest in the Property based upon a lack of assignments or the lack of an expression of "contrary intent."

**C.   New Century's Endorsement is Self-Authenticating.**

The Plaintiffs have introduced in their motion (but not in their pleadings) the theory that the Endorsement has not been authenticated, and is therefore ineffective. The Endorsement of the Note is shown on Exhibit A hereof, and is in blank. An endorsement of a negotiable promissory note in blank causes the promissory note to become bearer paper, in other words, payable to the bearer upon presentation in accordance with its terms. See C.R.S. § 4-1-201(5). ["Bearer" means a person in control of a negotiable electronic document of title or a person in possession of a negotiable instrument, negotiable tangible document of title, or certificated security that is payable to bearer or indorsed in blank." (emphasis added)]

But the Plaintiffs take this argument further, in that they argue that the Endorsement has not been authenticated in any of the discovery in this case. That argument does not

avail them, because endorsements of commercial paper are self-authenticating.  See Rule

902(9), Self-Authentication, F.R.E. [Extrinsic evidence of authenticity as a condition

precedent to admissibility is not required with respect to the following: ...(9) Commercial

paper, signatures thereon, and documents relating thereto to the extent provided by

general commercial law.]

General commercial law in this case is governed by Colorado law, *Erie Railroad Co.

v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and in particular the

Uniform Commercial Code adopted by Colorado.  C.R.S. § 4-1-301(b).

In Colorado, in an action with respect to an instrument, the authenticity of, and

authority to make, each signature on the instrument is admitted unless "specifically

denied in the pleadings."  C.R.S. § 4-3-308.   Comment 1 in the UCC Comments to this

section states that "The purpose of the requirement of a specific denial in the pleadings is

to give the plaintiff [the Defendants in this instance] notice of the defendant's [the

Plaintiffs here] claim of forgery or lack of authority as to the particular signature, and to

afford the plaintiff [Defendants] an opportunity to investigate and obtain evidence."  As

the Plaintiffs have pointed out in their Motion, discovery is closed in this case and the

Plaintiffs did not specifically deny the authenticity of the endorsement of the Note in their

pleadings, although they have twice previously amended their pleadings without

objection from the Defendants. The Comment to this section further provides that "In the

absence of such specific denial the signature stands admitted, and is not in issue."  The

Plaintiffs' pleadings claim only that there is no recording showing the endorsement of the

Note.  See Second Amended Complaint, paragraphs 9, 21, 23, 25, 27, 29, and 32,

abstracted from the Second Amended Complaint and attached hereto as **Exhibit B** and incorporated herein by reference.

As Comment 1 of Section 4-3-308 provides, the question of the burden of establishing the signature arises only when it has been put in issue by specific denial. The burden is on the party claiming under the signature, but the signature is presumed to be authentic and authorized except if the validity of a signature is denied in the pleadings. "Presumed" is defined in C.R.S. § 4-1-201 and means "that until some evidence is introduced which would support a finding that the signature is forged or unauthorized, the plaintiff [Defendants here] is not required to prove that it is valid." Until the introduction of such evidence, the presumption requires a finding for the Defendants in this case. This has long been the law in Colorado, even before the adoption of the UCC. *Soloman v. Brodie*, 50 P. 1045 (Colo. App. 1897) citing *Collins v. Gilbert*, 94 U.S. 754 (1876).

**D. Plaintiff Received Due Process Under Colorado Law in the Foreclosure Action.**

Due process requires notice and an opportunity to be heard. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Tr. Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed 865 (1950).

Plaintiffs' assertion that they are entitled to relief based on lack of due process in the Foreclosure Action is without foundation or merit. Plaintiffs were served with a copy of the Notice of Hearing, dated August 1, 2009, as required under the provisions of

C.R.C.P. Rule 120. At no time have Plaintiffs claimed that they did not receive the Notice of the Hearing. After receiving the Notice of Hearing, Plaintiffs filed a response and appeared at the hearing and were represented by counsel. The Rule 120 Court found that their response lacked merit. The Rule 120 Court authorized the sale of the Property and Litton proceeded to sale; Litton reported the sale to the Rule 120 Court; and the Court approved the sale. (See detailed recitation of the facts set out in the Defendant's pending Motion for Summary Judgment.)

Plaintiffs had notice and an opportunity to be heard to contest the sale and claim that they were not in default. Given that Plaintiffs were afforded notice and opportunity to be heard in the Foreclosure Action, Plaintiffs' assertion that they were denied due process is without foundation in law or fact.

## E. Bank of America Is Entitled to Possession of the Property.

Plaintiffs were the owners of the Property. Plaintiffs executed the Note and Deed of Trust encumbering the Property. Plaintiffs do not claim any defect in the Note or Deed of Trust, nor do they allege that the Note and Deed of Trust were procured fraudulently, illegally, or by other improper means. Plaintiffs were in default under the terms of the Note and Deed of Trust for failure to make the monthly mortgage payments.

Pursuant to the power of sale contained in the Deed of Trust, Bank of America was entitled to an order authorizing sale where Bank of America showed a default under the terms of the Note and Deed of Trust. Bank of America proceeded to hold the foreclosure sale and was issued a Public Trustee's confirmation deed to the property. The Plaintiffs were represented by counsel during the entire course of these proceedings and events.

Plaintiff's request to quiet title and to set aside the order authorizing sale is without merit and should be dismissed with prejudice.

**WHEREFORE**, Defendants Litton Loan Servicing, L.P.; Bank of America, National Association, as successor by merger to LaSalle Bank, National Association, as Trustee under the Pooling and Service Agreement dated as of February 1, 2007, GSAMP Trust 2007-NC-1; and Mortgage Electronic Registration Systems, Inc. respectfully request that this Court enter an order: 1) dismissing all of Plaintiffs' claims, with prejudice; 2) authorizing the Defendants to proceed with the eviction of the Plaintiffs from the Property; 3) awarding Defendants their reasonable attorneys' fees in defending Plaintiff's frivolous, groundless, baseless, and vexatious claims; and 4) such other and further relief this Court deems proper.

DATED this 10th day of February, 2011.

Respectfully submitted,
**EDWARDS & TAYLOR, LLC**
*A duly signed original is available at the Office of Edwards & Taylor, LLC*

/s/ E. Dwight Taylor
E. Dwight Taylor, No. 21435
Beverly L. Edwards, No. 11532
**ATTORNEYS FOR DEFENDANTS**
Pavilion Towers
2851 South Parker Road, Suite 1200
Aurora, CO 80014
(303) 750-2303
FAX: (303) 752-0946
dtaylor@et-law.com
bedwards@et-law.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 10th day of February, 2011, she caused true and correct copies of the foregoing **DEFENDANTS LITTON LOAN SERVICING, L.P.; BANK OF AMERICA, NATIONAL ASSOCIATION, as SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION, TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2007, GSAMP TRUST 2007-NC-1; AND SUCCESSOR AND ASSIGN OF NEW CENTURY MORTGAGE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., RESPONSE TO PLAINTIFF'S MOTION, AND SUPPLEMENT THERETO, FOR SUMMARY JUDGMENT** by filing and serving the same using the ECF system, addressed to:


D. Robert Jones, Esq.
D. Robert Jones, P.C.
219 W. Colorado Ave., Suite 210
Colorado Springs, CO 80903

Stephen A. Brunette, Esq.
Stephen A. Brunette, P.C.
128 S. Tejon St., Suite 100
Colorado Springs, CO 80903

James R. Moriarty, Esq.
Moriarty Leyendecker PC
1123 Spruce Street, Suite 200
Boulder, CO  80302


/s/signature on file
Cassandra A. Montgomery