IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00144-WJM-MJW

MICHAEL D. RUDNICK and ANN K. SMITH RUDNICK,

Plaintiffs,

v.

BANK OF AMERICA, NATIONAL ASSOCIATION, as SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION, TRUSTEE UNDER THE POOLING AND SERVICE AGREEMENT DATED AS OF FEBRUARY 1, 2007, GSAMP TRUST 2007-NC-1;
LITTON LOAN SERVICING, LP;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
PUBLIC TRUSTEE OF DENVER COUNTY; and
All Unknown Persons Who Claim Any Interest in the Subject Matter of this Action,
Defendants.

## MOTION FOR AN ORDER COMPELLING DISCOVERY
## UNDER FED. R. CIV. P. 37(a)

COME NOW Plaintiffs, Michael D. Rudnick and Ann K. Smith-Rudnick ("the RUDNICKS") by and through Counsel, under Fed. R. Civ. P. 37(a), and respectfully move this Court for an Order Compelling Defendants Litton Loan Servicing ("LITTON") and Bank of America, National Association ("BANK OF AMERICA") to produce: (1) documents and other items requested in the RUDNICKS' Notices of Depositions in Fed. R. Civ. P. 30(b)(5) & (6); (2) documents and other items requested and promised in the Deposition of Christopher Spradling on January 11, 2011 that have not yet been produced; (3) an unredacted version of a redacted "CommLog" produced by Defendants; (4) the Promissory Note in possession of Defendants' Counsel, for

1

inspection by a document examiner retained by Plaintiffs; and (5) witnesses to provide competent and knowledgeable testimony in areas specified in the RUDNICKS' Notices of Depositions, at the offices of Counsel for the RUDNICKS, at Defendants' expense. The RUDNICKS also request attorneys fees and costs incurred due to Defendants' failures to comply with discovery requests under Fed. R. Civ. P. 37(a).  In support hereof:

## CERTIFICATION UNDER D.C. COLO. LCivR 7.1

The undersigned certifies that he conferred in good faith with Counsel for Defendants concerning the instant Motion, and said Counsel intends to oppose this Motion.  Concerning the request for production of an unredacted "CommLog," Counsel for Defendants has informed the undersigned that he has this document in his possession, and will assert claims of privilege.  Concerning the request for inspection of the Promissory Note by a document examiner, Counsel for Defendants has informed the undersigned that he will allow inspection by the undersigned, but refuses to allow inspection by a document examiner.

## I. FACTUAL BASES FOR MOTION

On December 10, 2010, the RUDNICKS served Notices of Depositions on LITTON and BANK OF AMERICA under Fed. R. Civ. P. Rules 30(b)(5) & (6), requesting these Defendants to produce:  (1) persons to provide competent and knowledgeable testimony on January 11, 2011, at Defendant LITTON's offices in Houston, Texas, in areas specified in paragraphs 1-3 of the respective Notices; and (2) documents and

other materials, paper and electronic, specified in paragraphs 1-15 of the respective requests for production contained in said Notices.[1]

On January 7, 2011, Counsel for Defendants served multiple objections to the Notices of Depositions on Counsel for Plaintiffs, which made no objections to the production of persons to testify, made several boilerplate objections to the production of documents and other things, but agreed to produce documents in the respective Defendants' custody, possession and control.[2]

On January 11, 2011, neither LITTON nor BANK OF AMERICA produced any documents or other materials whatsoever for use in the depositions, and both Defendants produced only one witness – Christopher Spradling, Litigation Manager for Litton Loan Servicing[3] – purportedly to provide competent and knowledgeable testimony on behalf of both LITTON[4] and BANK OF AMERICA.[5] Mr. Spradling testified that he did not bring any documents from his Houston office to the deposition because his understanding was that all documents had been provided in responses to discovery requests,[6,7] yet when asked to review documents provided in response to discovery requests, provided by Plaintiff's Counsel, he testified: ". . . I didn't personally prepare the responses to these interrogatories. . . . So, I don't know exactly what documents were

---

[1] Exhibits 1 & 2.
[2] Exhibits 3 & 4.
[3] Exhibit 5, Deposition of Christopher Spradling, January 11, 2011, page 6, lines 15-20 (hereinafter "Exhibit 5; 6:15-20"). Exhibits 5a through 5n, consisting of various deposition exhibits referenced herein, are also filed herewith.
[4] Exhibit 5; 10:3.
[5] Exhibit 5; 74:16-75:21.
[6] Exhibit 5; 24:25 – 25:2, and *passim*.
[7] Defendants' Responses to Discovery Requests are filed herewith as Exhibits 6 through 6h, and referenced in pertinent part hereinafter.

produced in conjunction with each one. . . . Okay? So, without having what was actually produced and in the order, I can't really answer that question."[8] Mr. Spradling and his Counsel did, however, agree during the deposition to produce several documents and other materials requested during the deposition.[9]

Mr. Spradling testified he would provide the Mortgage Loan Schedule for the Trust for which BANK OF AMERICA serves as Trustee.[10] The Mortgage Loan Schedule has not yet been provided. He testified he would provide documentation of the source of his authority to testify on behalf of BANK OF AMERICA,[11] but the only documentation provided since then consists of a Power of Attorney ("POA") executed on August 13, 2010 – more than one year after the initial foreclosure was commenced on the RUDNICKS' home.[12] The POA authorizes foreclosure and related activities consistent with the terms of the PSA, but the undersigned has found no reference in the POA to any express authority to testify on behalf of BANK OF AMERICA, and no authority to testify as to when or whether the RUDNICKS' loan was ever transferred to BANK OF AMERICA as Trustee.

Mr. Spradling testified he would provide documentation showing when the RUDNICKS' loan was transferred to LITTON for servicing, that he "believes" the loan was transferred to BANK OF AMERICA as Trustee prior to the transfer to LITTON for servicing, that he was not certain whether the LITTON system would have a record of whether or when the loan would have been transferred to BANK OF AMERICA, but he

---

[8] Exhibit 5; 20:10-18.
[9] Exhibit 5: 4:17 – 5:16.
[10] Exhibit 5: 85:9 – 87:1
[11] Exhibit 5: 74:16 – 75:13.
[12] Exhibit 7.

4

would provide documentation from LITTON's system concerning any transfers.[13] The only documentation provided after the deposition was a line with code numbers, described by Mr. Spradling as ". . . the cross reference on the Rudnick loan which we received at time of transfer. . .".[14] This "cross reference" requires further explanation and/or testimony from a competent witness, names only "Litton" and "Avelo" in column headings, contains no dates of any transfer to or from LITTON or Avelo, and no reference to any code numbers or any other information in reference to BANK OF AMERICA.

Mr. Spradling testified that LITTON entered an agreement to participate in the Federal Home Affordable Modification Program (HAMP) program;[15] that this agreement requires compliance with Home Affordable Modification Program Guidelines,[16] Supplemental Directive 09-01,[17] Net Present Value (NPV) Model Specifications,[18] and Supplemental Directive 09-04;[19] that he believes all these directives are incorporated into LITTON's computer-based "ModTrack" program; and that LITTON would produce the "ModTrack" program and database to the RUDNICKS.[20]

Mr. Spradling testified, and his Counsel confirmed, he would provide electronic records, and printouts of electronic records, if printouts could be made, of LITTON's "ModTrack" system concerning everything that was done on the RUDNICKS file,

---

[13] Exhibit 5: 81:23 – 84:17, passim.
[14] Exhibit 8.
[15] Exhibit 5e.
[16] Exhibit 5f.
[17] Exhibit 5g.
[18] Exhibit 5h.
[19] Exhibit 5i.
[20] Exhibit 5; 49:5 – 60:6, passim.

including loan modification considerations under requirements of HAMP program.[21] No electronic files or records have been provided, and no information, documents, or other materials showing how HAMP program requirements are incorporated into loan modification decisions on the RUDNICKS loan have been provided.

What has been provided is a 3-page itemization that appears to be a ModTrack report of some kind,[22] which requires further explanation and/or testimony from a competent witness, but which appears, on its face, to violate at least the HAMP requirements for NPV determinations. The latter require an NPV valuation for both a foreclosure and a modification,[23] but the ModTrack summary report provided by LITTON shows an NPV valuation only for a foreclosure ($138,805.88), and no valuation for a modification.[24] When asked if he was familiar with NPV valuations required under HAMP guidelines, Mr. Spradling testified:

> I'm familiar with it. I don't work in the modification department. I can give you an overall understanding of that process. But I didn't realize that you were expecting someone to go into great detail."[25]

Mr. Spradling testified that, in addition to the HAMP program, LITTON is authorized by BANK OF AMERICA, under the terms of the Pooling and Servicing Agreement provided in discovery in this case, to modify mortgage loans that are in default, or for which default is reasonably foreseeable, by, among other things, waiving, modifying, or varying any term of the loan, including, among other things, modifying the

---

[21] Exhibit 5: 54:1 – 59:8.
[22] Exhibit 9.
[23] Exhibit 5h at pp.2-3.
[24] Exhibit 9 at 1.
[25] Exhibit 5; 22:12-20.

interest rate, forgiving payments of principal or interest, and extending the final maturity date.[26]

Mr. Spradling testified he would provide the identity of person(s) at LITTON responsible for complying with HAMP reporting requirements,[27] and the identity of person(s) at LITTON who would have personal knowledge of whether LITTON considered changes in principal, interest, and other factors allowed by PSA in deciding whether to modify the RUDNICKS' loan.[28] That person has been identified by Counsel for Defendants as Mike Crowl, in the Houston office of LITTON.

Similarly, he testified that he had no personal knowledge of conversations between the RUDNICKS and LITTON concerning hardship, and reductions in their income that caused them to stop making payments and request a modification; whether LITTON considered this a foreseeable default under the terms of the PSA, or considered the financial reasons for the RUDNICKS failure to make payments; but he deferred to records in LITTON's RADAR system, which he did not bring to the deposition, but agreed to produce in further discovery.[29] Defendants subsequently produced a heavily redacted printout of what appears to be a RADAR "CommLog,"[30] the redacted portions of which are reasonably likely to contain discoverable information concerning LITTON's decision-making concerning the RUDNICKS' loan modification, in areas within the scope of the RUDNICKS' discovery requests.

---

[26] Exhibit 5; 31:18 – 32:20; 33:15 – 34:2.
[27] Exhibit 5:60:19 – 61:12.
[28] Exhibit 5:34:3 – 36:3.
[29] Exhibit 5; 68:16 – 71:8.
[30] Exhibit 10.

## II. ARGUMENT

LITTON and BANK OF AMERICA each had an affirmative duty to produce documents and a representative who could answer questions within the scope of the RUDNICKS' Notices of Deposition under Fed. R. Civ. P. 30(b)(6). *EEOC v. Centura Health Corp.*, 2006 U.S. Dist. LEXIS 81272, *3-4 (D. Colo. 2006) [citing *Starlight Int'l, Inc., v. Herlihy*, 186 F.R.D. 626, 638-40 (D. Kan. 1999)]. *See also Ebonie v. Pueblo School District 60*, 2010 U.S. Dist. LEXIS 24460, *6-7 (D. Colo. 2010).

> The Tenth Circuit has held that "[t]he law is well-settled that corporations have 'an affirmative duty' to make available as many persons as necessary to give 'complete, knowledgeable, and binding answers' on the corporation's behalf." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1146 (10th Cir. 2007) (quoting *Reilly v. NatWest Mkts. Group Inc.*, 181 F.3d 253, 268 (2nd Cir. 1999).

*Jacquat v. Hub International Ins. Svcs.*, 2010 U.S. Dist. LEXIS 108224, *5 (D. Colo. 2010).

Where, as here, Notices of Deposition are served on both a loan servicer (LITTON) and the trustee for a mortgage-backed securities trust (BANK OF AMERICA), each of these noticed defendants has a duty to produce documents and a competent, knowledgeable witness. In *Robinson v. Countrywide Home Loans, Inc., et al.*, 2010 U.S. Dist. LEXIS 112120 (W.D. Pa. 2010), as in the instant case, both a loan servicer and a trustee for a mortgage-backed securities trust were named as Defendants, and the Plaintiff served each Defendant with a Notice of Deposition.

> . . . [e]ach Defendant designated the same witness to testify on its behalf under Rule 30(b)(6). . . . Yet, a review of the deposition transcript indicates that the designated deponent was not prepared to and, consequently, was unable to substantively answer any questions relating to the processing of the payments. (*Id.* at 25-28). Although the deponent made some effort of elementary inquiry, (*Id.*

> at 25-27), the Court finds that the steps taken in preparation were insufficient to produce adequate testimony, see *Acutronic, 2008 U.S. Dist. LEXIS 85619, at *7*.
>
> Therefore, having found that each Defendant failed to produce a witness in accordance with the strictures of *Rule 30(b)(6)*, coupled with the aforementioned failure to produce relevant discovery prior to the deposition, IT IS HEREBY ORDERED that Defendants shall produce the documents confirming the accounts and institutions into which Plaintiff's payments were deposited by **October 29, 2010 at 5:00 p.m.**;
>
> . . .
> FINALLY, IT IS ORDERED that, if Plaintiff so desires, <u>each Defendant shall produce a witness</u> to provide answers to paragraph 2d of Plaintiff's Notice of Deposition pursuant to *Rule 30(b)(6)*. Said depositions shall be held in Pittsburgh, Pennsylvania, and shall occur by **November 15, 2010**. <u>Defendants shall pay their own travel and lodging expenses</u>.

*Robinson, supra* at *5-7.

The RUDNICKS request the same relief granted in *Robinson, supra*; i.e., that the Defendants produce all documents and other materials specified in the Notices of Deposition, and promised in the Deposition of Christopher Spradling, no later than fifteen (15) days after this Court enters an Order on the instant Motion; that each Defendant (LITTON and BANK OF AMERICA) produce a witness to testify by deposition no later than thirty (30) days after said Order, at the offices of the RUDNICKS' counsel in Colorado Springs, Colorado; and that all fees and costs incurred by both Plaintiffs and Defendants for documents and other materials used in said deposition, and the depositions, be paid by the Defendants.

Specifically, the RUDNICKS respectfully request an Order compelling each of the Defendants to produce, within fifteen (15) days of this Court's Order:

1. LITTON's electronic records, and printouts of electronic records, of LITTON's "ModTrack" database concerning everything that was done on the

9

RUDNICKS file, including loan modification considerations under requirements of HAMP program.[31]

2. All data, information, notations, text, figures and information contained in Defendant's mortgage servicing and accounting computer systems including, but not limited to, ModTrack, Alltel or Fidelity CPI system, Lender Processing Services, Inc., or any other similar mortgage servicing software or service used by you, any servicers, or sub-servicers of this mortgage account from the inception of the RUDNICKS' account to the date of deposition.[32]

3. The accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date so that experts can decipher the data provided.[33]

4. Policies, procedures, contracts, agreements and other documents related to you loan modification, reformation, refinance, or forbearance programs and activities under the Federal Home Affordable Modification Program (HAMP) or any other program for modification reformation, refinance, or forbearance on loans serviced by you.[34]

5. Any and all documents indicating any sale, transfer, funding source, legal and beneficial ownership, charges, credits, debits, transactions, reversals,

---

[31] Exhibit 5: 54:1 – 59:8.
[32] Exhibits 1 & 2, ¶6
[33] Exhibits 1 & 2, ¶13.
[34] Exhibits 1 & 2, ¶15

actions, payments, analyses and records related to the servicing of Michael and Ann Rudnick's account from its origination to the present date.[35]

6.      All assignments, transfers, allonges, or other documents evidencing a transfer, sale or assignment of the Deed of Trust, monetary instruments or other documents that secure payment by Michael and Ann Rudnick to the obligations in this account from the inception of this account to the present date including any such assignment on MERS.[36]

7.      All electronic transfers, assignments and sales of the note/asset, mortgage, deed of trust or other security instrument.[37]

8.      All other items specified in Exhibits 1 & 2 hereto, Notices of Deposition, not already produced.

Concerning witnesses, the RUDNICKS respectfully request an Order compelling each of the Defendants to produce, within thirty (30) days of this Court's Order, persons to provide competent and knowledgeable testimony concerning the following matters:

1.      The Servicing of Michael and Ann Rudnick's account, in all respects and particulars, including, but not limited to, a detailed accounting of Michael and Ann Rudnick's account with Litton Loan Servicing, matters addressed in documents specified below, and including, but not limited to, any and all documents, communications, and conduct involved in or related to consideration of Michael and Ann Rudnick for a loan modification, reformation, refinance, or forbearance

---

[35] Exhibits 1 & 2, second numbered ¶1.
[36] Exhibits 1 & 2, ¶7.
[37] Exhibits 1 & 2, ¶10.

11

under the Federal Home Affordable Modification Program (HAMP) or any other program for modification reformation, refinance, or forbearance related to the Rudnicks' loan, and the decision to initiate a foreclosure action against Michael and Ann Rudnick.[38]

2. The decisions to consider, or not consider, Michael and Ann Rudnick for a loan modification, reformation, refinance, or forbearance under the Federal Home Affordable Modification Program (HAMP) or any other program for modification reformation, refinance, or forbearance related to the Rudnicks' loan.[39]

3. The nature of the relationship between Litton Loan Servicing and Defendant Bank of America and Defendant Mortgage Electronic Registration Systems, Inc.[40]

4. The relationship between Bank of America and Defendant Litton Loan Servicing, under the terms of any Pooling and Servicing Agreement and any other agreements pertaining to Litton Loan Servicing's Servicing of Michael and Ann Rudnick's account for POOLING AND SERVICE AGREEMENT DATED AS OF FEBRUARY 1, 2007, GSAMP TRUST 2007-NC-1.[41]

Concerning the heavily redacted "CommLog," the RUDNICKS respectfully request an Order compelling LITTON to produce, within fifteen (15) days of this Court's Order, the unredacted version of the "CommLog" for inspection by the Court and the

---

[38] Exhibit 1, first numbered ¶1; Exhibit 2, first numbered ¶3.
[39] Exhibit 1, first numbered ¶2.
[40] Exhibit 1, first numbered ¶3; Exhibit 2, first numbered ¶2.
[41] Exhibit 2, first numbered ¶1.

12

undersigned, subject to an appropriate protective order, if necessary, to address Defendants' anticipated claims of privilege.

Concerning the Promissory Note in the possession of Defendants' Counsel, the RUDNICKS respectfully request an Order compelling LITTON and its Counsel to produce, within fifteen (15) days of this Court's Order, the Promissory Note to the Court, for inspection by a qualified document examiner at a time and place to be determined.

Respectfully submitted this 8th day of March, 2011.

THE GASPER LAW GROUP
(A duly-signed original is on file at the office of The Gasper Law Group)

/s/Stephen A. Brunette

Stephen A. Brunette
128 S. Tejon Street, Suite 100
Colorado Springs, Colorado 80903
Phone: (719) 634-7878
Fax: (719) 358-5515
Email: stephen@gasperlaw.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of March, 2011, I forwarded a true and correct copy of the foregoing via e-mail, to:

E. Dwight Taylor
Beverly L. Edwards
Edwards & Taylor , LLC
2851 South Parker Road, #1200
Aurora, CO  80014
Phone: 303-750-2303
bedwards@et-law.com
dtaylor@et-law.com

Patrick A. Wheeler
Assistant City Attorney
201 W. Colfax Ave., Dept. 1207
Denver, CO   80202
Phone:  (720) 913-3275
Fax:      (720) 913 -3180
patrick.wheeler@denvergov.org
*Attorney for Public Trustee*

THE GASPER LAW GROUP
*(A duly-signed original is on file at the office of The Gasper Law Group)*
/s/Stephen A. Brunette
_____
Stephen A. Brunette