IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00144-WJM-MJW

MICHAEL D. RUDNICK and
ANN K. SMITH RUDNICK,

Plaintiffs,

v.

BANK OF AMERICA, NATIONAL ASSOCIATION,
as SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION,
TRUSTEE UNDER THE POOLING AND SERVICE AGREEMENT DATED AS OF
FEBRUARY 1, 2007, GSAMP TRUST 2007-NC-1;
LITTON LOAN SERVICING, LP;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
PUBLIC TRUSTEE OF DENVER COUNTY; and
All Unknown Persons Who Claim Any Interest in the Subject Matter of this Action,

Defendants.

---

ORDER REGARDING:
(1) PLAINTIFFS' MOTION FOR ORDER COMPELLING DISCOVERY UNDER
FED. R. CIV. P. 37(A) (DOCKET NO. 69)

AND

(2) PLAINTIFFS' MOTION FOR SANCTIONS AGAINST DEFENDANTS BANK OF
AMERICA AND LITTON UNDER FED. R. CIV. P. 37(D) (DOCKET NO. 70)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court for hearing on Plaintiffs' Motion for Order Compelling Discovery Under Fed. R. Civ. P. 37 (a) (docket no. 69) and Plaintiffs' Motion for Sanctions Against Defendants Bank of America and Litton Under Fed. R. Civ. P. 37(d) (docket no. 70). The court has reviewed the subject motions (docket nos. 69 and 70), the responses (docket nos. 81 and 82), and the replies (docket nos. 83 and 84).

The court has also reviewed, *in camera*, the privilege log and redacted and unredacted documents outlined in such privilege log. This court had previously ordered Defendants Bank of America, National Association, Litton Loan Services, LP, and Mortgage Electronic Registration Systems, Inc., to file the documents outlined in the privilege log (docket no. 81-10) with the court for *in camera* review. See minute order (docket no. 87). In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

In this case, Plaintiffs allege that Defendant Bank of America does not hold a valid security interest in the subject real property located at 2820 South Harlan Way, Denver, Colorado 80227 [Plaintiffs' home], due to lack of a valid sale, assignment, or transfer of the Plaintiffs' promissory note to the mortgage-backed securities trust for which Defendant Bank of America serves as trustee, and therefore had no right to invoke the power of sale contained in the Deed of Trust in a Rule 120 Public Trustee Deed Foreclosure Action in the Denver District Court, under Denver District Court Case No. 09-cv-7496. In addition, Plaintiffs allege that Defendant Bank of America is not the Real Party in Interest and therefore Defendant Bank of America does not have a legal basis to proceed to foreclose on the subject property [Plaintiffs' home] under Colorado Rule of Civil Procedure - Rule 120 in the Denver District Court, and Defendant Bank of America failed to comply with federal and state requirements to not hold a foreclosure sale until it complied with federal and state modification and loss mitigation requirements. Further, Plaintiffs allege that Defendant Bank of America failed to comply with the guidelines and provisions of the Federal Home Affordable Modification Program

(HAMP) when Plaintiffs sought a loan modification on the subject real property [Plaintiffs' home] prior to seeking foreclosure of the subject real property [Plaintiffs' home]. Lastly, Plaintiffs allege that Defendant Bank of America breached the covenant of good faith and fair dealing.

Defendant Bank of America alleges that it owns the subject real property [Plaintiffs' home] and that Co-Defendant Litton Loan Services, LP, can proceed to take possession of the subject property [Plaintiffs' home] since Plaintiffs are in default on the promissory note. Defendant Bank of America alleges that since Plaintiffs are in default on the promissory note, it can invoke the power of sale contained in the Deed of Trust that secures the promissory note and foreclose on the subject property [Plaintiffs' home] pursuant to Colorado Rule of Civil Procedure - Rule 120 in the Denver District Court under Case No. 09-cv-7496.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;
2. That venue is proper in the state and District of Colorado;
3. That each party has been given a fair and adequate opportunity to be heard;
4. That in the subject motion (docket no. 69), Plaintiffs seek an Order from the court that compels Defendants Bank of America and National Association, Litton Loan Services, LP ("Defendant Litton"), to produce the following:

4

a. Litton's electronic records, and printouts of electronic records, of Litton's "ModTrack" database concerning everything that was done on the Rudnicks' file, including loan modification consideration under requirements of HAMP program;

b. All data, information, notations, text, figures and information contained in Defendant's mortgage servicing and accounting computer systems including, but not limited to, ModTrack, Alltel or Fidelity CIP System, Lender Processing Services, Inc., or any other similar mortgage servicing software or service used by Defendant, any servicers, or sub-servicers of this mortgage account from the inception of the Rudnicks' account to the date of deposition;

c. The accounting and servicing system used by Defendant and any sub-servicers or previous servicers from the inception of this account to the present date so that experts can decipher the data provided;

d. Policies, procedures, contracts, agreements, and other documents related to Defendant's loan modification, reformation, refinance, or forbearance programs and activities under the Federal Affordable Modification Program (HAMP) or any other program for modifications reformation, refinance, or forbearance on loans serviced by Defendant;

5

e. Any and all documents indicating any sale, transfer, funding source, legal and beneficial ownership, charges, credits, debits, transactions, reversals, actions, payments, analyses and records related to the servicing of the account of Michael and Ann Rudnick from its origination to the present date;

f. All assignments, transfers, allonges, or other documents evidencing a transfer, sale or assignment of the Deed of Trust, monetary instruments or other documents that secure payment by Michael and Ann Rudnick to the obligations in this account from the inception of this account to the present date including any such assignment on MERS;

g. All electronic transfers, assignments and sales of the note/asset, mortgage, deed of trust or other security instrument; and

h. All other items specified in Exhibits 1 & 2, Notices of Depositions, not already produced. [Exhibits 1 & 2 are attached to docket no. 70];

5. That in subject motion (docket no. 69), Plaintiffs also seek an additional Order from the court requiring all Defendants to produce competent and knowledgeable Rule 30(b)(6) witnesses to be deposed concerning the following matters:

a. The servicing of the account of Michael and Ann Rudnick, in

all respects and particulars, including, but not limited to, a detailed accounting of their account with Litton Loan Servicing, matters addressed in documents specified below, and including, but not limited to, any and all documents, communications, and conduct involved in or related to consideration of Michael and Ann Rudnick for a loan modification, reformation, refinance, or forbearance under the Federal Home Affordable Modification Program (HAMP);

b. The decisions to consider, or not consider, Michael and Ann Rudnick for a loan modification, reformation, refinance, or forbearance under the Federal Home Affordable Modification Program (HAMP) or any other program for modification reformation, refinance, or forbearance related to the Rudnicks' loan;

c. The nature of the relationship between Litton Loan Servicing and Defendant Bank of America and Defendant Mortgage Electronic Registration Systems, Inc.; and

d. The relationship between Bank of America and Defendant Litton Loan Servicing, under the terms of any Pooling and Servicing Agreement and any other agreements pertaining to Litton Loan Servicing's Servicing of Michael and Ann Rudnick's account for POOLING AND SERVICE AGREEMENT DATED AS OF FEBRUARY 1, 2007, GSAMP

TRUST 2007-NC-1.;

6. That in subject motion (docket no. 69), Plaintiffs also seek an additional Order from the court requiring Defendant Litton to produce an unredacted version of the "CommLog" for inspection by the Court;

7. That in subject motion (docket no. 69), Plaintiffs also seek an additional Order from the court requiring Defendants to provide to Plaintiffs the subject Promissory Note for inspection by a qualified document examiner at a time and place to be determined;

8. That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the

discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C). Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id. See Fed. R. Civ. P. 26(b) and (c);

9. That Fed. R. Civ. P. 37 addresses the sanctions to be imposed when a party fails to comply with valid discovery obligations. That rule provides, *inter alia,* that if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, including an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A). When a court imposes sanctions under Fed. R. Civ. P. 37, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the

failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). In addition, a district court retains the power to dismiss an action with prejudice for failure to comply with the Federal Rules of Civil Procedure or with the court's orders. Fed. R. Civ. P. 41(b);

10. That as to the requested documents and information as outlined in paragraph 4 a., b., c., d., e., f., g., and h. above, I find such documents and information are relevant to the issues before this court and such documents and information are discoverable and may lead to admissible evidence at trial;

11. That as to the requested documents and information as outlined in paragraph 5 a., b., c., and d., I find that on December 10, 2010, Plaintiffs served Notices of Depositions on Defendants Litton and Bank of America pursuant to Fed. R. Civ. P. 30(b)(5) and (6), requesting each of these Defendants to produce: (1) persons to provide competent and knowledgeable testimony on January 11, 2011, in areas specified in paragraphs 1-3 of the respective notices and (2) to bring documents and other materials, paper and electronic, specified in paragraphs 1-15 of the respective requests for production contained in said Notices [Notices of Depositions are attached as Exhibits 1 & 2 to docket no. 70];

12. That on January 7, 2011, Counsel for Defendants served multiple objections to the Notice of Depositions on Plaintiffs' Counsel, which

      made no objections to the production of persons to testify, made several "boilerplate" objections to the production of documents and other things, but agreed to produce documents in the respective Defendants' custody, possession, and control.  See Exhibits 3 & 4 attached to docket no. 70;

13. That on January 11, 2011, neither Defendant Litton nor Defendant Bank of America produced any documents or other materials, and the only deponent produced was Christopher Sprading, Litigation Manager for Litton Loan Servicing.  See deposition transcript of Mr. Sprading, Exhibit 5 attached to docket no. 70;

14. That I find that Defendant Litton and Defendant Bank of America each had a duty to produce documents and a competent and knowledgeable witness at the Rule 30(b)(6) deposition on January 11, 2011, and they did not do so.  See Robinson v. Countrywide Home Loans, Inc., 2010 WL 4225884 (W.D. Pa. Oct. 21, 2010).  Clearly, after reviewing all exhibits attached in both docket nos. 69 and 70, I find that Mr. Sprading lacked competence and knowledge in many areas of relevant inquiry that Plaintiff attempted to address during Mr. Sprading's deposition.  I find that both Defendant Litton and Defendant Bank of America have failed to produce a competent and knowledgeable witness to address those topics as outlined in the Notices of Depositions listed above;

15. That as to the requested documents and information as outlined in paragraph 6 above, I find that all of the redacted portions of the "CommLog" are protected by the Attorney-Client Privilege and such redacted portions of the "CommLog" should not be disclosed to the Plaintiffs;

16. That as to the request for the Original Promissory Note to be delivered for inspection to a qualified document examiner, I find that nowhere in the pleadings does Plaintiff suggest that they did not sign the Original Promissory Note, and to have such Promissory Notice delivered to a qualified document examiner for inspection is totally unnecessary and would not make the existence of any fact that is of consequence to the determination of this action more probable or less probable that it would be without such inspection and examination by a qualified document examiner; and

17. That pursuant to Fed. R. Civ. P. 37(d)(3), this court may impose whatever sanctions are just, including those listed in Fed. R. Civ. P. 37(b)(2)(A)(i-vi).

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiffs' Motion for Order Compelling Discovery Under Fed. R. Civ. P. 37 (a) (docket no. 69) is GRANTED IN PART AND

DENIED IN PART.  The motion is GRANTED as to the requested documents and information as outlined in paragraph 4 a., b., c., d., e., f., g., and h. above and as to the requested documents and information as outlined in paragraph 5 a., b., c., and d. above. Defendants Litton and Defendant Bank of America shall provide to Plaintiffs the documents and information on or before May 31, 2011.  The parties shall forthwith meet, confer, and re-set the Rule 30(b)(6) depositions, and Defendants Litton and Bank of America shall provide competent and knowledgeable Rule 30(b)(6) deponents to address the topics as outlined in the Notice of Depositions (Exhibits 1 & 2 attached to docket no. 70) and to address the topics listed in 5 a., b., c., and d, above. The parties shall comply with D.C.COLO.LCivR 30.1 and 30.3 in setting and conducting these depositions.  The remainder of relief sought in this motion is DENIED;

2. That Plaintiffs' Motion for Sanctions Against Defendants Bank of America and Litton Under Fed. R. Civ. P. 37(d) (docket no. 70)  is GRANTED.  As a sanction under Rule 37(b)(2)(A)(i-vi), the Plaintiffs will be permitted to re-take the Rule 30(b)(6) depositions of Defendant Litton's and Defendant Bank of America's designated Rule 30(b)(6) witnesses.  Such Rule 30(b)(6) witnesses from both Defendant Litton and Defendant Bank of America shall be competent and knowledgeable to answer all inquiries as outlined in

13

paragraph 1 of the Order Section of this Order above.

As a further sanction, Defendants Litton and Bank of America shall pay the costs for re-taking these Rule 30(b)(6) depositions. The costs shall include the court reporter's costs and the cost for the original transcript of each Rule 30(b)(6) deposition, and these costs shall be borne by Defendants Litton and Bank of America. Plaintiffs shall pay for their own copy cost for such transcripts of these Rule 30(b)(6) witnesses. Defendants Litton and Bank of America shall provide a location in Colorado Springs, Colorado, to re-take these Rule 30(b)(6) depositions and pay all costs for using such location. That discovery is extended until June 30, 2011, for the limited purpose of taking the above-mentioned Rule 30(b)(6) depositions only.

The Plaintiffs are awarded reasonable and necessary attorney fees and costs for having to file these motions (docket nos. 69 and 70). The parties shall meet forthwith to see if the amount of attorney fees and costs can be stipulated. If the parties are able to stipulate to the amount of attorney fees and costs, then the parties shall file such stipulation with the court. If the parties are unable to stipulate to the amount of attorney fees and costs, then the Plaintiffs shall have up to and including June 1, 2011, to file their

14

itemized affidavit for attorney fees and costs. The Defendants shall have until June 16, 2011, to file their response to Plaintiffs' affidavit for attorney fees and costs. If a response is filed, then Plaintiffs shall have up to and including June 30, 2011, to file any reply to Defendants' response; and

3. That the Privilege Log and "CommLog" documents that were submitted to this court for *in camera* review in redacted and unredacted form shall be SEALED and not opened except by further Order of Court.

Done this 16th day of May, 2011.

                                        BY THE COURT

                                        <u>s/Michael J. Watanabe</u>
                                        MICHAEL J. WATANABE
                                        U.S. MAGISTRATE JUDGE