IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-00144-WJM-MJW

MICHAEL D.  RUDNICK and
ANN K.  SMITH RUDNICK,

Plaintiffs,

v.

BANK OF AMERICA, NATIONAL ASSOCIATION,
as SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION,
TRUSTEE UNDER THE POOLING AND SERVICE AGREEMENT DATED AS OF
FEBRUARY 1, 2007, GSAMP TRUST 2007-NC-1;
LITTON LOAN SERVICING, LP;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
PUBLIC TRUSTEE OF DENVER COUNTY; and
All Unknown Persons Who Claim Any Interest in the Subject Matter of this Action,
Defendants.

Defendants.

---

## RECOMMENDATION REGARDING

### (1) PLAINTIFFS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS
### (DOCKET NO. 12)

### (2) PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
### (DOCKET NO. 52)

### AND

### (3) MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS LITTON LOAN SERVICING, L.P.; BANK OF AMERICA, N.A. AS SUCCESSOR BY MERGER TO LASALLE BANK, N.A., TRUSTEE UNDER THE POOLING AND SERVICE AGREEMENT DATED AS OF FEBRUARY 1, 2007, GSAMP TRUST 2007-NC-1; NEW CENTURY MORTGAGE CORPORATION, AND IT SUCCESSORS AND ASSIGNS; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
### (DOCKET NO. 59)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on (1) Plaintiffs' Motion for Partial Judgment on the Pleadings (docket no. 12); (2) Plaintiffs' Motion for Summary Judgment (docket no. 52); and (3) Motion for Summary Judgment by Defendants Litton Loan Servicing, L.P.; Bank of America, N.A. as Successor by Merger to Agreement Dated as of February 1, 2007, GSAMP Trust 2007-NC-1; New Century Mortgage Corporation, and Its Successors and Assigns; and Mortgage Electronic Registration Systems, Inc. (docket no. 59). The court has reviewed the subject motions (docket nos. 12, 52, and 59), the responses (docket nos. 14, 62, and 63), and the replies (docket nos. 16, 65, and 67). In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Recommendation.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

    2.    That venue is proper in the state and District of Colorado;

    3.    That each party has been given a fair and adequate opportunity to be heard;

    4.    That a "motion for judgment on the pleadings is designed to dispose of cases where material facts are not in dispute and judgment on the merits can be rendered based on the content of

3

the pleadings and any facts of which the court will take judicial notice." Hamilton v. Cunningham, 880 F. Supp. 1407, 1410 (D. Colo. 1995). When the Court reviews a motion for judgment on the pleadings, "all well-pleaded material allegations of the opposing party's pleading[s] are to be taken as true, and all allegations of the moving party [that] are denied are taken as false. Judgment on the pleadings may be granted only if, on the facts so admitted, the moving party is clearly entitled to judgment." Id. (quoting Geltman v. Verity, 716 F. Supp. 491, 491 (D. Colo. 1989));

5. That Rule 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial." Robertson v. Board of County Comm'rs of the County of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)). "Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the

4

complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. . . . These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings by themselves.'" Southway v. Central Bank of Nigeria, 149 F. Supp.2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003). "Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." Southway, 149 F. Supp.2d at 1273. "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . . Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id.; Robertson, 78 F. Supp.2d at 1146 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)). "Evidence presented must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." Southway, 149 F. Supp.2d at 1274. "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could

        return a verdict for that party." Id. at 1273;

6. That Defendant Bank of America has stated **"Clearly there is a dispute regarding the ownership of the property."** See paragraph 8 in Defendant Bank of America's Motion for Expedited Hearing on Possession Within Five (5) Days (docket no. 88);

7. That there is a genuine dispute of material fact as to whether Defendant Bank of America, N.A., holds a valid security interest in the subject property located at 2820 South Harlan Way, Denver, Colorado 80227 [Plaintiffs' Home] due to a lack of a valid sale, assignment, or transfer of the Plaintiffs' promissory note to the mortgage-backed securities trust for which Defendant Bank of America, N.A. serves as trustee;

8. That there is a genuine dispute of material fact whether Defendant Bank of America had the right to invoke the power of sale contained in the Deed of Trust in the C.R.C.P. 120 Public Trustee Deed Foreclosure Action in the Denver District Court under Denver District Court Case No. 09-cv-7496;

9. That there is a genuine dispute of material fact whether Defendant Bank of America is the real party in interest [i.e., proper party] to bring the C.R.C.P. 120 Public Trustee Deed Foreclosure Action in the Denver District Court under Denver District Court Case No. 09-cv-7496;

10. That there is a genuine dispute of material fact as to whether Defendants Bank of America and/or Litton complied or failed to comply with federal and state requirements to not hold a foreclosure sale until it fully complied with the guidelines and provisions of the Federal Home Affordable Modification Program ("HAMP") and § 38-38-801, *et seq.*, C.R.S., when Plaintiffs sought a loan modification on the subject real property [Plaintiffs' Home];

11. That there is a genuine dispute of material fact as to whether Defendant Bank of America breached the covenant of good faith and fair dealing;

12. That there is a genuine dispute of material fact as to waiver, estoppel, the validity of any purported assignments of the underlying obligation, and details of the accumulated indebtedness to be in default; and

13. That there is a genuine dispute of material fact as to whether the endorsement of the Plaintiffs' note is self-authenticating.

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusion of law this court **RECOMMENDS**:

1. That Plaintiffs' Motion for Partial Judgment on the Pleadings (docket no. 12) be **DENIED**;

2. That Plaintiffs' Motion for Summary Judgment (docket no. 52) be

      **DENIED**;

3. That the Motion for Summary Judgment by Defendants Litton Loan Servicing, L.P.; Bank of America, N.A. as Successor by Merger to Agreement Dated as of February 1, 2007, GSAMP Trust 2007-NC-1; New Century Mortgage Corporation, and Its Successors and Assigns; and Mortgage Electronic Registration Systems, Inc. (docket no. 59) be **DENIED**;

4. That the Trial Preparation Conference remain set on August 18, 2011, at 9:30 a.m. before District Judge Martinez;

5. That the Bench Trial remain set on August 31, 2011, at 9:00 a.m. before District Judge Martinez; and

6. That each party shall pay their own attorney fees and costs for these subject motions (docket nos. 12, 52, and 59).

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.**

**Makin v. Colorado Dep't of Corrections**, 183 F.3d 1205, 1210 (10th Cir. 1999); **Talley v. Hesse**, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Done this 25th day of May, 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE