**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No.  10-cv-00144-WJM-MJW

MICHAEL D. RUDNICK and ANN K. SMITH RUDNICK,

     Plaintiffs,

v.

BANK OF AMERICA, NATIONAL ASSOCIATION,
as SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION,
TRUSTEE UNDER THE POOLIGN AND SERVICE AGREEMENT DATED AS OF
FEBRUARY 1, 2007, GSAMP TRUST 2007-NC-1;
LITTON LOAN SERVICING, LP;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
PUBLIC TRUSTEE OF DENVER COUNTY; and
All Unknown Persons Who Claim Any Interest in the Subject Matter of this Action,

     Defendants.

---

## ORDER ON JOINT STATUS REPORT

---

THIS MATTER is before the Court on the Parties' Joint Status Report and

Stipulation Regarding Settlement ("Joint Status Report"), ECF No. 149, filed on August

29, 2011.

**_Jurisdiction and the_ Rooker-Feldman _Doctrine_**

Plaintiff filed this quiet title action in Denver County District Court on October 20,

2009 under Colo. R. Civ. P. 105.  "The manifest intent of quiet title is to provide a

complete adjudication of the rights of all parties, and to grant full and adequate relief so

as to completely determine the controversy and enforce the rights of the parties."  *Argus*

*Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 612 (Colo. 2005) (internal

quotation and citations omitted).  Plaintiffs contest foreclosure proceedings due to a lack

of due process and an allegation that Defendant Bank of America did not hold a valid security interest in the property.  (ECF No. 136 at 3.)  Defendants, during an August 18, 2011 hearing, voiced concerns that this Court did not have jurisdiction over the matter based on the *Rooker-Feldman* doctrine.

The Rooker-Feldman doctrine, derived from the Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), "prohibits federal suits that amount to appeals of state-court judgments."  *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006).  The doctrine is grounded in Congress' grant of appellate jurisdiction to review state court decisions exclusively to the Supreme Court.  As such, a claim inviting a federal district court to review and reverse an unfavorable state court decision is outside of a lower federal court's jurisdiction.  *See, e.g., Rooker*, 263 U.S. at 416.

The Tenth Circuit in *Bolden* defined the reach of the doctrine:

> [T]he Rooker-Feldman doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." [*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)].  The doctrine "does not otherwise override or supplant preclusion doctrine." *Id.* [ ].  In particular, the statute granting the Supreme Court appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court.  If a federal plaintiff presents some independent claim, *albeit one that denies a legal conclusion that a state court has reached* in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Id.* at [293].

*Id.* at 1142-43 (emphasis in Tenth Circuit decision).  The *Bolden* court recognized that this latter "independent claim" principle:

undermines the district court's ruling in this case that *Rooker-Feldman* barred certain of Mr. Bolden's claims because they "could succeed only to the extent that the state court wrongly decided that [he] did not qualify for funding." . . . Appellate review – the type of judicial action barred by *Rooker-Feldman* – consists of a review of the proceedings already conducted by the "lower" tribunal to determine whether it reached its result in accordance with law. When, in contrast, the second court tries a matter anew and reaches a conclusion contrary to a judgment by the first court, without concerning itself with the bona fides of the prior judgment (which may or may not have been a lawful judgment under the evidence and argument presented to the first court), it is not conducting appellate review, regardless of whether compliance with the second judgment would make it impossible to comply with the first judgment.

*Id.* at 1143.

 *Bolden* controls here.  Thus, because Plaintiffs are not requesting the Court conduct an appellate review of the foreclosure action, but are instead asserting a quiet title action, the Court finds that it does have subject matter jurisdiction over the claims asserted in this action.

### *Matters Regarding Stipulation of Settlement*

 The Court, having reviewed the Joint Status Report, is advised that the Parties anticipate completion and execution of a Settlement Agreement and Mutual Release by September 23, 2011.  The Court is further advised that upon execution of a full and final settlement and release, and upon completion of all requirements specified in the Joint Status Report, the parties will execute a stipulation for mutual dismissal with prejudice and release of all claims against parties to this action.

 Accordingly, it is ORDERED that the parties will file with the Court on or before September 23, 2011 a comprehensive Settlement Agreement and Mutual Release fully and finally disposing of all claims in this action.

Dated this 12th day of September, 2011.

BY THE COURT:

William J. Martinez
United States District Judge